IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLE & ASHCROFT, LP DBA SHUTTERS PLUS<br>*Plaintiff,* | §<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 4:20-cv-03507 |
| | § | |
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY<br>*Defendant.* | §<br>§<br>§<br>§ | |

## NOTICE OF REMOVAL

Defendant State Automobile Mutual Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Cole & Ashcroft, LP dba Shutters Plus v. State Automobile Mutual Insurance Company*; In the 55th Judicial District of Harris County, Texas.

## I.
## BACKGROUND

Plaintiff Cole & Ashcroft, LP dba Shutters Plus (hereinafter "Plaintiff") initiated the present action by filing its Original Petition in Cause No. 2020-57550; In the 55th Judicial District of Harris County, Texas on September 17, 2020 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

1.  Defendant appeared and answered on October 12, 2020, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

2.  Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule

81, a full copy of the state court file has been requested and will be filed upon receipt. Pursuant to Southern District of Texas Local Rule 81(4), the State Court Action docket sheet is attached as **Exhibit C**.

3. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 55th Judicial District Court of Harris County, Texas.

4. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

### A. Diversity of Parties

6. Plaintiff Cole & Ashcroft, LP dba Shutters Plus is a Texas limited partnership. Citizenship of a limited partnership is determined by the citizenship of all of its members.[1] A diligent search of publicly available information on the partners of Cole & Ashcroft, LP dba Shutters Plus has been conducted, and the following persons and entity with corresponding mailing addresses are identified as a general partner in the most recent Public Information Report filed by Cole & Ashcroft, LP with the Texas Secretary of State in 2019: Paul F. Wagner, 19059

---

[1] *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990); *MidCap Media Finance, LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019).

Tallulah Trail, College Station, Texas 77845; Gerald M. McAdams, 13415 General Gresham Ln, Cypress, Texas 77429; John P. Lines, 15914 Sweetwater Creek Dr., Houston, Texas 77095; and Management by PFW, L.L.C., 5631 Brystone Drive, Houston, Texas 77041.

7. A diligent search of publicly available information on the members of Management by PFW, L.L.C. has been conducted, and the following person with corresponding mailing address is identified as a member in the most recent Public Information Report filed by Management by PFW, L.L.C. with the Texas Secretary of State in 2019: Paul F. Wagner, 19059 Tallulah Trail, College Station, Texas 77845.

8. Therefore, the members of Cole & Ashcroft, LP, Paul F. Wagner, Gerald M. McAdams, John P. Lines, and Management by PFW, L.L.C., are citizens of the state of Texas. No other members of Cole & Ashcroft, LP were discovered through a diligent search and review of publicly available records, and Defendant has no reason to believe that any member shares the citizenship of Defendant. Based on information and belief after diligent inquiry, and pursuant to 28 U.S.C. § 1332(a), Plaintiff Cole & Ashcroft LP dba Shutters Plus is a citizen of the state of Texas.

9. State Automobile Mutual Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Defendant is a citizen of the State of Ohio.

10. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B. Amount in Controversy**

11. It is facially apparent from Plaintiff's live petition that the amount in controversy in this case exceeds $75,000 rendering removal proper. Generally, "the sum demanded in good faith in

the initial pleading shall be deemed to be the amount in controversy."[2] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[3] In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[4]

12. Here, Plaintiff seeks "monetary relief over $200,000.00 but less than $1,000,000.00" **Exhibit A**, Plaintiff's Original Petition, at ¶ 55. The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition

13. Plaintiff further seeks compensation for (1) actual damages, (2) consequential damages, (3) treble damages, (4) exemplary damages; (5) attorney's fees; and (6) pre- and post-judgment interest.[5] **Exhibit A**, Plaintiff's Original Petition, at ¶ 28, 46, 57, and Prayer. Plaintiff has alleged that Defendant's conduct was wrongful and done knowingly, entitling him to a trebling of actual damages under Texas Insurance Code Chapter 541. *See* **Exhibit A,** ¶ 50; Tex. Ins. Code sections 541.002 & 541.152. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[6]

14. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

---

[2] 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013).

[3] *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[4] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[5] *Id.* at § N. Prayer.

[6] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

## III.
## CONCLUSION

15. Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

16. WHEREFORE, Defendant State Automobile Mutual Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

/s/ Patrick M. Kemp
Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
Jacob S. Jones
Texas Bar No. 24101975
Southern District No. 3444665
jjones@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CMRRR this the 13th day of October, 2020 to:

| | |
|---|---|
| James M. McClenny | *#9414 7266 9904 2137 9584 33* |
| J. Zachary Moseley | |
| Derek L. Fadner | |
| McClenny Moseley & Associates, PLLC | |
| 516 Heights Boulevard | |
| Houston, Texas 77007 | |
| james@mms-pllc.com | |
| zach@mms-pllc.com | |
| derek@mms-pllc.com | |

                                                */s/ Patrick M. Kemp*
                                                Patrick M. Kemp