

# Notice of Service of Process

**SBR / ALL**
**Transmittal Number: 22057011**
**Date Processed: 09/23/2020**

| | |
|---|---|
| **Primary Contact:** | Samantha Smith<br>State Auto Financial Corporation<br>4239 Wilton Pl<br>Columbus, OH 43227-3662 |
| **Electronic copy provided to:** | Susan Barrett<br>Melissa Hairston<br>Amber Walker<br>Lindsay Ramos<br>Emilee Hanson |

| | |
|---|---|
| **Entity:** | State Automobile Mutual Insurance Company<br>Entity ID Number  3046925 |
| **Entity Served:** | State Automobile Mutual Insurance Company |
| **Title of Action:** | Cole & Ashcroft LP (dba Shutters Plus) vs. State Automobile Mutual Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 202057550 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 09/21/2020 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Derek L. Fadne<br>713-334-6121 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



**DEFENDANT'S
EXHIBIT A**

CAUSE NO.   202057550

RECEIPT NO.  876681                   75.00      CTM
            *********              TR # 73789228

PLAINTIFF: COLE & ASHCROFT LP (DBA SHUTTERS PLUS)    In The   55th
                vs.                                  Judicial District Court
DEFENDANT: STATE AUTOMOBILE MUTUAL INSURANCE COMPANY of Harris County, Texas
                                                     55TH DISTRICT COURT
                                                     Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: STATE AUTOMOBILE MUTUAL INSURANCE COMPANY (A FOREIGN INSURANCE
    COMPANY) MAY BE SERVED BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE
    COMPANY

    211 EAST 7TH STREET SUITE 620   AUSTIN  TX  78701 - 3218

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>17th day of September, 2020</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 18th day of September, 2020, under my hand and
seal of said Court.



Issued at request of:                    MARILYN BURGESS, District Clerk
FADNER, DEREK LEE                        Harris County, Texas
516  HEIGHTS BLVD                        201 Caroline, Houston, Texas 77002
HOUSTON, TX  77007                       (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 344-6121
<u>Bar No.</u>: 24100081                 Generated By: SALGADO, CAROLINA G17//11580667

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
 PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____      _____
                                     ADDRESS

_____      Service was executed in accordance with Rule 106
(a)ADDRESSEE                           (2) TRCP, upon the Defendant as evidenced by the
                                       return receipt incorporated herein and attached
_____        hereto at

                                     _____
                                     on _____ day of _____, _____
                                     by U.S. Postal delivery to _____
                                     _____

                                     This citation was not executed for the following
                                     reason: _____
                                     _____

                                     MARILYN BURGESS, District Clerk
                                     Harris County, TEXAS

                                     By _____, Deputy

N.INT.CITM.P                    *73789228*

9/17/2020 3:04 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 46338667
By: Maria Rodriguez
Filed: 9/17/2020 3:04 PM

# 2020-57550 / Court: 055

CAUSE NO. _____

| | | |
|---|---|---|
| COLE & ASHCROFT, LP DBA SHUTTERS PLUS | § § § § | IN THE DISTRICT COURT |
| *Plaintiff* | § § | |
| V. | § § § | HARRIS COUNTY, TEXAS |
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY | § § § § | _____ JUDICIAL DISTRICT |
| *Defendant* | | |

## PLAINTIFF COLE & ASHCROFT, LP DBA SHUTTERS PLUS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Cole & Ashcroft, LP dba Shutters Plus, (hereinafter referred to as "Plaintiff"),

complaining of State Automobile Mutual Insurance Company, (hereinafter referred to as "Defendant") and

for cause of action would respectfully show unto this Honorable Court and Jury as follows:

## DISCOVERY CONTROL PLAN

1.  Plaintiff intends for discovery to be conducted under Level 3 of Texas Rule of Civil Procedure 190.4 and

    affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil

    Procedure 169 because Plaintiff seeks monetary relief of over $100,000.00.

## PARTIES

2.  Plaintiff is an individual residing in Harris County, Texas.

3.  State Automobile Mutual Insurance Company is a foreign insurance company engaging in the business of

    insurance in the State of Texas. Defendant may be served with process by serving its registered agent of

---

*Plaintiff's Original Petition*

service Corporation Service Company at the following address: 211 East 7ᵗʰ Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5. The Court has jurisdiction over Defendant State Automobile Mutual Insurance Company because Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas. Specifically, State Automobile Mutual Insurance Company sought out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

6. Venue is proper in Harris County, Texas, because the Property is situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7. Plaintiff purchased a policy from Defendant State Automobile Mutual Insurance Company, (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

8. The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which are located at 5631 Brystone Drive, Houston, Texas 77041.

9. Defendant State Automobile Mutual Insurance Company and/or its agent sold the Policy insuring the Property to Plaintiff.

10. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because it is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or about May 09, 2019, Plaintiff experienced a severe storm-related event which caused substantial damage to the Properties and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant State Automobile Mutual Insurance Company.

12. Defendant performed an unreasonable and insufficient investigation of the claim. Defendant failed to document all the damage to the property caused by the storm in question. The policy provides the following coverage:

   **A. Coverage**

   **We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.**

   Although damage was covered under the policy, Defendant wrongly excluded the damage to the property, including damage to the roofs. Defendant wrongly under-scoped the damage to the property and did not give the full allowance to restore the property to its pre-loss conditions.

13. The storms caused damage to the property's roofs and exterior. The significant damage to the property required full replacement of the damage items. Defendant intentionally did not properly inspect and failed

to give an allowance to repair all the damage caused by the storm. Defendant failed to document damage caused by the storm in questions and wrongly excluded damage that was covered under the policy.

14. Defendant State Automobile Mutual Insurance Company wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

15. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property. This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in a pre-loss condition.

16. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

17. Based on Defendant's bad faith investigation of Plaintiff's claims, Plaintiff was forced to retain the services of public adjuster, National Public Adjusting, LLC. Plaintiff had its property inspected on or around July 26, 2019 by National Public Adjusting, LLC. National Public Adjusting, LLC returned an estimate of $705,856.65. Based on the investigation, National Public Adjusting, LLC recommended significant repairs to Plaintiff's property at the loss location. Specifically, National Public Adjusting, LLC recommended the full removal and replacement of the property's metal roofing system, as well as other significant repairs including but not limited to: removal and replacement of roof flashing; removal and replacement of roof ridge vents; replacement of roof flashing as soft metals cannot be reused under IRC 907.5; as well as significant repair and replacement of the property's gutters and downspouts.

Additionally, for the work to be completed on the property's roof, National Public Adjusting, LLC included Occupational Health and Safety Association (OSHA) requirements. Finally, National Public Adjusting, LLC properly estimated the significant cost associated with damages to Plaintiff's contents.

18. Based on the disparity in estimates between Plaintiff and Defendant, on October 2, 2019 Plaintiff invoked the appraisal provision of the subject insurance policy. Thereafter, on August 7, 2020 a final appraisal award was signed by both parties' appraisers and the agreed upon umpire. The award allowed for $388,892.70 in coverage for Plaintiff's building, and another $57,257.98 in coverage for contents. Following the return of the executed appraisal award, Plaintiff requested that Defendant make prompt payment. To date, Defendant has failed to meet its contractual duties owed to Plaintiff and has failed to make prompt payment under the Texas Deceptive Trade Practices Act and Texas Insurance Code.

19. Instead of meeting its contractual and statutory obligations, Defendant declined to make payment based on the clearly unreasonable position that Plaintiff's damages were only cosmetic in nature. However, Defendant's refusal to make prompt payment is not supported by facts. First, Defendant's decision ignores the decision and opinions of its own designated appraiser, who agreed with and signed off on the appraisal award. Moreover, during the investigation it was determined that the weather event caused seam separation on Plaintiff's roof allowing for water seepage into the insulation below. Thus, the objective and reasonable evidence demonstrates that Plaintiff's roof damage is not cosmetic in nature because the roof is no longer capable of shedding water. Therefore, functional covered damage has occurred.

20. Defendant State Automobile Mutual Insurance Company failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the

full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

21. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## AGENCY

22. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

23. All acts by Defendant State Automobile Mutual Insurance Company were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant State Automobile Mutual Insurance Company and/or were completed in its normal and routine course and scope of employment.

24. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

25. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added);

*see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## BREACH OF CONTRACT

26. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27. Defendant State Automobile Mutual Insurance Company's conduct constitutes a breach of the insurance contract made between Defendant State Automobile Mutual Insurance Company and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant State Automobile Mutual Insurance Company had the absolute duty to investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

28. As a result of the storm-related event, Plaintiff suffered extreme weather related damages. Despite objective evidence of weather related damages provided by Plaintiff and its representatives, Defendant State Automobile Mutual Insurance Company breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event. As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

29. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

30. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

    A. Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

    B. Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

    C. Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

    D. Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

31. By Defendant State Automobile Mutual Insurance Company representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather-related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

32. Defendant State Automobile Mutual Insurance Company has breached an express warranty that the damage caused by the storm-related event would be covered under Policy. This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

33. Defendant State Automobile Mutual Insurance Company's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience

---

to a grossly unfair degree.  Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

34. Defendant State Automobile Mutual Insurance Company's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

35. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant State Automobile Mutual Insurance Company, to its detriment.  As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues.  All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

36. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

37. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf.  Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show itself to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

38. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

39. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

> A. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));
>
> B. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));
>
> C. Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));
>
> D. Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));
>
> E. Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));
>
> F. Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

40. By its acts, omissions, failures and conduct, Defendant State Automobile Mutual Insurance Company has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and

beneficiary, has a valid claim as a result of its detrimental reliance upon Defendant State Automobile

Mutual Insurance Company's unfair or deceptive acts or practices. § 541.151(2).

41. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due

under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused

to offer more than the grossly undervalued estimates prepared by Defendant State Automobile Mutual

Insurance Company and/or Defendant's assigned adjuster, despite knowing the actual damages were much

greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. §

542.003(5).

42. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant

State Automobile Mutual Insurance Company's actions and conduct were committed knowingly and

intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish

damages and additional penalty damages, in an amount not to exceed three times the amount of actual

damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and

conduct. § 541.152.

43. As a result of Defendant State Automobile Mutual Insurance Company's unfair and deceptive actions and

conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and

pursue these claims on its behalf.  Accordingly, Plaintiff also seeks to recover its costs and reasonable and

necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE

§ 541.152 and any other such damages to which Plaintiff may show itself justly entitled by law and in

equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

44. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

45. From and after the time Plaintiff's claim was presented to Defendant State Automobile Mutual Insurance

Company, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was

more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being

no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment.

Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles*

*v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its

insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a

thorough investigation shows that there is a reasonable basis to deny that claim).

46. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory

damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs,

economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages

for emotional distress.

## KNOWLEDGE

47. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as

the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages

described herein.

## DAMAGES

48. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

49. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

50. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

51. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

52. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

53. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

54. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

55. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in excess of $200,000.00 but less than $1,000,000.00.

## ADDITIONAL DAMAGES & PENALTIES

56. Defendant's conduct was committed knowingly and intentionally.  Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code.  Plaintiff is clearly entitled to the 18% damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

57. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

58. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

59. Plaintiff demands a jury trial, consisting of citizens residing in Harris County, Texas, and tenders the appropriate fee with this Original Petition.

## DISCOVERY

60. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that Defendant respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

## I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant State Automobile Mutual Insurance Company, disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1. Please produce State Automobile Mutual Insurance Company's complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in its attempt to secure insurance on the Property, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by State Automobile Mutual Insurance Company's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9. Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether State Automobile Mutual Insurance Company intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of State Automobile Mutual Insurance Company and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between State Automobile Mutual Insurance Company and its assigned adjuster, and all correspondence between State Automobile Mutual Insurance Company and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

## III. INTERROGATORIES

1. Please identify any person State Automobile Mutual Insurance Company expects to call to testify at the time of trial.

2. Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3. If State Automobile Mutual Insurance Company or State Automobile Mutual Insurance Company's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by State Automobile Mutual Insurance Company or any of State Automobile Mutual Insurance Company's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of State Automobile Mutual Insurance Company's investigation.

5. Please state the following concerning notice of claim and timing of payment:

   a.     The date and manner in which State Automobile Mutual Insurance Company received notice of the claim;

b.    The date and manner in which State Automobile Mutual Insurance Company acknowledged receipt of the claim;

c.    The date and manner in which State Automobile Mutual Insurance Company commenced investigation of the claim;

d.    The date and manner in which State Automobile Mutual Insurance Company requested from the claimant all items, statements, and forms that State Automobile Mutual Insurance Company reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

e.    The date and manner in which State Automobile Mutual Insurance Company notified the claimant in writing of the acceptance or rejection of the claim.

6.   Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7.   Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8.   When was the date State Automobile Mutual Insurance Company anticipated litigation?

9.   Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe State Automobile Mutual Insurance Company's document retention policy.

---

10. Does State Automobile Mutual Insurance Company contend that the insured's premises were damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

11. Does State Automobile Mutual Insurance Company contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does State Automobile Mutual Insurance Company contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way? If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated? State what performance measures are used and describe State Automobile Mutual Insurance Company's bonus or incentive plan for adjusters.

## CONCLUSION

61. Plaintiff prays that judgment be entered against Defendant State Automobile Mutual Insurance Company and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it

is due as a result of the acts of Defendant State Automobile Mutual Insurance Company, and for all such other

relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble

damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all

costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for

any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

RESPECTFULLY SUBMITTED,

*/s/ Derek L. Fadner*

**McCLENNY MOSELEY & ASSOCIATES, PLLC**
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Derek L. Fadner
State Bar No. 24100081
516 Heights Boulevard
Houston, Texas 77007
Principal Office No. (713) 334-6121
Facsimile: (713) 322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Derek@mma-pllc.com
**ATTORNEYS FOR PLAINTIFF**





## MARILYN BURGESS

HARRIS COUNTY DISTRICT CLERK
P.O. Box 4651
HOUSTON, TEXAS 77210-4651

7020 0640 0001 1412 1269



STATE AUTOMOBILE MUTUAL INSURANCE
COMPANY
C/O CORPORATION SERVICE COMPANY
211 EAST 7TH STREET SUITE 620
AUSTIN TX 78701 - 3218