10/12/2020 9:50 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 47087705
By: Lewis John-Miller
Filed: 10/12/2020 9:50 AM

CAUSE NO. 2020-57550

| | | |
|---|---|---|
| COLE & ASHCROFT, LP DBA | § | IN THE DISTRICT COURT |
| SHUTTERS PLUS | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE AUTOMOBILE MUTUAL | § | |
| INSURANCE COMPANY | § | |
| *Defendant.* | § | 55th JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendant State Automobile Mutual Insurance Company ("Defendant") files this Original Answer to Plaintiff's Original Petition, respectfully showing the Court as follows:

### I.
### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of each and every material allegation contained in Plaintiff's Original Petition and any supplements or amendments thereto, and demands strict proof thereof.

### II.
### DEFENSES

**A.   Plaintiff failed to comply with notice requirements of Tex. Ins. Code § 542A.003**

Chapter 542A of the Texas Insurance Code applies to Plaintiff's lawsuit as it is an action on a claim under an insurance policy covering real property that arises from alleged hail or wind damage. Plaintiff failed to give proper notice under Tex. Ins. Code § 542A.003, precluding or limiting any right Plaintiff may have to recover attorney's fees. Specifically, Tex. Ins. Code § 542A.003 requires that Plaintiff provide written notice to Defendant not later than the 61st day before the date Plaintiff file an action to which Chapter 542A applies that must include:

(1)    a statement of the acts or omissions giving rise to the claim;



**DEFENDANT'S
EXHIBIT B**

(2)    the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and

(3)    the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

Furthermore, if an attorney or other representative gives the notice required under Chapter 542A, the attorney or representative must:

(1)    provide a copy of the notice to the claimant; and

(2)    include in the notice a statement that a copy of the notice was provided to the claimant.

Plaintiff failed to provide presuit notice as required by Tex. Ins. Code § 542A.003. Accordingly, pursuant to Tex. Ins. Code § 542A.007(d), the Court may not award Plaintiff any attorney's fees incurred after the date Defendant files this pleading.  In the alternative, to the extent the demand letter is deemed timely and otherwise in compliance with the presuit notice requirements under Chapter 542A, the provisions of § 542A.007(a) and (c) may limit or preclude recovery of attorney's fees based on the excessive amounts demanded by Plaintiff.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that Plaintiff take nothing from Defendant and that Defendant recovers its costs, fees, and expenses, and for such other further relief to which it may be entitled.

*(Signatures on following page).*

2

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Jacob S. Jones
Texas Bar No. 24101975
jjones@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT STATE
AUTOMOBILE MUTUAL INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via efile this the 12th day of October, 2020 to:

James M. McClenny
J. Zachary Moseley
Derek L. Fadner
McClenny Moseley & Associates, PLLC
516 Heights Boulevard
Houston, Texas 77007
james@mms-pllc.com
zach@mms-pllc.com
derek@mms-pllc.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp

3