CAUSE NO. 2019-59342

| | | |
|---|---|---|
| COLE AND ASHCROFT, LP<br>    Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | HARRIS COUNTY, TEXAS |
| CERTAIN UNDERWRITERS AT<br>LLOYD'S, LONDON | §<br>§<br>§ | |
| Defendants. | §<br>§ | 165TH JUDICIAL DISTRICT |

## CONFIDENTIAL SETTLEMENT AGREEMENT, RELEASE AND INDEMNIFICATION

This Confidential Settlement Agreement, Release and Indemnification (the "Agreement") is entered into and effective this 24 day of February, 2020 by Cole and Ashcroft, LP ("Cole and Ashcroft" or "Plaintiff"), MLW Interests, LLP ("MLW"), and Those Certain Underwriters of Lloyds, London Subscribing Severally to Certificate Number AMR-56197-01, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Princeton Excess and Surplus Lines Insurance Company, HDI Global Specialty SE, F/K/A International Insurance Company of Hannover SE, and Old Republic Union Insurance Company ("Insurers" and "Insurer Defendants").

1. **DEFINITIONS**

    "Property" means and includes the real property and improvements located at 5631 Brystone Drive, Houston, Texas 77041.

    "Releasors" means and includes Cole and Ashcroft, LP, a Texas limited partnership and the named insured in the Policy, Management by PFW, LLC, the general partner of Cole and Ashcroft, LP and MLW Interests, LLP, the owner of the Property and an additional insured in the Policy, and their respective owners, members, shareholders, general partners, limited partners, limited liability partners, officers, directors, managers, employees and agents, and their respective heirs, successors and assigns.

    "Lawsuit" means Cause No. 2019-59342; Cole and Ashcroft, LP v Certain Underwriters at Lloyd's, London; in the 165th Judicial District Court, Harris County, Texas.

    "Disputed Claims" means and includes any and all claims, actions, causes of action and/or liabilities for any actual damages, consequential damages, exemplary damages, statutory damages, penalties, additional damages, attorneys' fees, costs, interest, or other relief of any kind or character whatsoever, whether now known or unknown, suspected or



unsuspected, matured or not, fixed or contingent, liquidated or unliquidated, based upon or arising out of the Claims and any alleged acts, omissions, conduct or duties of the Insurers, in connection with the investigation, handling, and/or adjustment of the Claims, including but not limited to, claims for negligence, negligent misrepresentation, intentional misrepresentation, fraud (whether affirmative or by omission), breach of contract, attorneys' fees, costs, interest, statutory penalties, violation(s) of any provisions of the Texas Insurance Code or Texas Administrative Code, violation(s) of the Texas Deceptive Trade Practices Act ("DTPA"), breach of the duty of good faith and fair dealing, and/or breach of any fiduciary duties. The term "Disputed Claims" includes, without limitation, all claims that Releasors now have, ever had, or in the future may have, and/or could have asserted against the Insurers or under the Policy by reason of any fact, matter, cause, or thing related to any of the transactions, and/or occurrences or Property made the subject of the Claim and that were or could have been asserted in the Lawsuit or under the Policy with respect to the Property relating to the Occurrence.

"Claim" means claims for all real and personal property damage of any kind or character, time element losses of any kind or character, equipment damage, damage to plants, lawns, trees or shrubs and professional fees made by Plaintiff under the Policy or which could have been made under the Policy, with respect to the Property, caused by, resulting from, related to or in any way arising from the Occurrence, which was assigned CJW No. 4146441.

"Occurrence" means Hurricane Harvey and Tropical Storm Harvey occurring in late August and early September, 2017.

"Policy" means collectively Certificate No. AMR-56197-01 subscribed to severally by Those Certain Underwriters at Lloyd's, London; AMP7531017-01 issued by Indian Harbor Insurance Company; MSP-23124-01 issued by QBE Specialty Insurance Company; CPP1009957-01 issued by Steadfast Insurance Company; 10T029659-06805-17-01 issued by General Security Indemnity Company of Arizona; USI-19668-01 issued by United Specialty Insurance Company; LEX-014709467-01 issued by Lexington Insurance Company; 7DA3CM0006398-01 issued by Princeton Excess and Surplus Lines Insurance Company; HAN-16544-01 issued by International Insurance Company of Hannover SE now known as HDI Global Specialty, SE; and ORAMPR002054-00 issued by Old Republic Union Insurance Company, all effective June 5, 2017 to June 5, 2018.

"Insurers" means and includes Those Certain Underwriters at Lloyd's, London subscribing severally to Certificate No. AMR-56197-01, Indian Harbor Insurance Company; QBE Specialty Insurance Company; Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Princeton Excess and Surplus Lines Insurance Company, HDI Global Specialty SE F/K/A International Insurance Company of Hannover SE and Old Republic Union Insurance Company, the issuers of the Policy, and their respective predecessors, successors, parents, and affiliated entities, third party administrators, claims handlers, individual adjusters, names, members, investors, current and former employees, officers, directors, and/or shareholders.

"Insurer Releasees" means and includes each and every one of the "Insurers" as defined above and each of their respective successors, predecessors, assigns, agents, employees, adjusters, third-party administrators, claim handlers, names, members, investors, syndicates, reinsurers, attorneys, and representatives.

"Parties" means collectively Cole and Ashcroft, MLW and Insurers.

## 2. RECITALS

**WHEREAS,** Plaintiff alleges the Property sustained damage from wind, rain and wind driven rain during or as a result of the Occurrence; and

**WHEREAS,** Plaintiff submitted the Claim, and the Insurers investigated the Claim and determined there were no covered causes of loss caused by the Occurrence; and

**WHEREAS,** disputes arose over the Insurers' denial of the Claim and whether the damage to the Property was caused by or as a result of the Occurrence, and coverages afforded by the Policy, which culminated in Plaintiff filing the Lawsuit; and

**WHEREAS,** in order to avoid further expense, inconvenience, delay, and uncertainty and to permit the continued operation of their respective business affairs unhindered by a continuing dispute or legal proceedings, the Parties desire and intend to settle, compromise, and dispose of all claims and causes of action of every kind and character, whether known or unknown, existing or contingent, that Releasors have or may have with respect to the Disputed Claims; and

**NOW, THEREFORE,** in consideration of the recitals, covenants, agreements, representations, payments, transfers and releases contained herein, and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties agree as follows:

## 3. SETTLEMENT AMOUNT

Subject to all the terms and conditions contained herein, and in consideration of same, the Insurers have agreed to deliver to the Releasors the total sum of $381,887.50, payable as follows:

- $229,132.50 payable jointly to MLW Interests, LLP and Cole and Ashcroft, LP and McClenny Moseley & Associates; and

- $152,755.00 payable jointly to MLW Interests, LLP and Cole and Ashcroft LP, and Briar Capital, LP.

(the "Settlement Amount"). Plaintiff and MLW hereby authorize and direct that the Settlement Amount be paid as set forth above. The Releasors agree and acknowledge that the Settlement Amount is deemed fully paid upon delivery of the foregoing checks payable as set forth herein; provided, however, that if the foregoing checks prove to be uncollectible in the normal course of business, then this Settlement Agreement and Release shall be deemed to be void. The settlement funds will be paid on or before 5 business days from the execution and delivery of this Agreement.

4. **RELEASORS' RELEASE OF INSURER RELEASEES**

In consideration of payment of the Settlement Amount, and for other good and valuable considerations, the Releasors, jointly and severally, do hereby **FULLY RELEASE AND FOREVER DISCHARGE** the Insurer Releasees, of and from any and all Disputed Claims. The Releasors further agree to not file or assert any other claims or action(s) before any court or administrative agency against any of the Insurer Releasees for or based upon any of the Disputed Claims released herein; provided, however, that the foregoing Release shall not apply to the Releasors' rights to enforce any rights or obligations created solely under the terms of this Agreement, such as the right to collect any portion of the Settlement Amount.

5. **INDEMNITY**

**THE RELEASORS, JOINTLY AND SEVERALLY, AGREE TO INDEMNIFY, DEFEND, SAVE AND HOLD HARMLESS THE INSURER RELEASEES FROM AND AGAINST THE CLAIMS OR DEMANDS OF ANY PERSON OR ENTITY, ARISING BY, THROUGH OR UNDER THE RELEASORS RELATING TO THE CLAIM OR THE POLICY, OR THE PROPERTY, OR THE OCCURRENCE, INCLUDING WITHOUT LIMITATION THE CLAIMS BY ANY PERSON OR ENTITY WITH AN INTEREST IN THE PROPERTY OR THE POLICY, OR EACH AND EVERY MORTGAGEE OF THE PROPERTY, OR ANY PUBLIC ADJUSTER, EXPERT, CONTRACTOR OR CONSULTANT RETAINED BY THE RELEASORS IN CONNECTION WITH THE CLAIM OR THE LAWSUIT.**

6. **DISMISSAL**

The Parties agree to dismiss the Lawsuit with Prejudice, and authorize their respective attorneys to sign and file a Joint Motion to Dismiss With Prejudice ("Motion") and Agreed Order of Dismissal with Prejudice ("Order") in the form and content of the Motion and Order attached hereto as Exhibits "A" and "B".

7. **NO ADMISSION OF LIABILITY**

The Settlement Amount is in compromise of disputed claims, and it is expressly understood and agreed, as a condition hereof, that this Agreement, and the consideration paid in accordance with the terms hereof, shall not constitute, be deemed to be or be construed as an admission of liability by any Party, or to indicate in any degree an admission of the truth or correctness of any of the claims asserted by any Party against any other.

8. **VOLUNTARY AGREEMENT**

This Agreement is the product of informed negotiations and involves compromises of the Parties' previously stated coverage positions. Releasors represent that they have entered into this Agreement voluntarily, without any duress or undue influence on the part, or on behalf, of any of them. Releasors represent and warrant to the Insurers that they: (1) have conducted their own evaluation of the merits of and defenses to the Disputed Claims in reaching their decision to enter into this Agreement; (2) have read and fully understand each provision of this Agreement; (3) are

relying upon the advice and representations of competent legal counsel of their own choosing in compromising the Disputed Claims and entering into this Agreement; and (4) are not relying upon any statements or representations by any other Party, or of any agents, representatives, or counsel for any such Party, in compromising the Disputed Claims and entering into this Agreement.

## 9. CONFIDENTIALITY OF AGREEMENT

The Parties agree that this Agreement is and shall remain confidential between the Parties hereto and their respective officers, managers, partners, accountants, auditors, attorneys, indemnitors, liability insurers, and reinsurers. The Parties agree to not disclose the contents of this Agreement to any persons or entities other than their respective officers, managers, partners, accountants, auditors, attorneys, indemnitors, liability insurers, and reinsurers without the express written consent of the other Parties; provided, however, that disclosure shall be permitted where, and to the extent, required by governmental regulators, applicable rules or orders of a court of competent jurisdiction, or by governing law.

## 10. BINDING EFFECT

This Agreement shall be binding upon and inure to the benefit of Releasors and Insurer Releasees. Releasors acknowledge and agree that the Insurers are not signing this Agreement, and that this Agreement is binding upon Releasors without the execution hereof by Insurers.

## 11. ENTIRE AGREEMENT/AMENDMENTS TO AGREEMENT

This Agreement is the complete and entire agreement of the Parties and supersedes any prior agreements and communications between the Parties regarding or relating to the matters addressed herein. This Agreement may not be modified, changed, contradicted, added to, or altered in any way by any previous written or oral agreements or any subsequent oral agreements. No amendments or variations of the terms of the Agreement shall be valid unless made in writing and signed by both Parties.

## 12. GOVERNING LAW

This Agreement shall be governed by, and construed in accordance with, the laws of Texas.

## 13. DIVISIBILITY

If any provision of this Agreement, or any portion of any provision of this Agreement is declared null and void, such provision or such portion of a provision shall be considered separate and apart from the remainder of this Agreement which shall remain in full force and effect.

## 14. HOLDER OF RELEASED CLAIMS

Releasors represent and warrant, jointly and severally, that they are the sole owners of all of the Disputed Claims released and compromised hereby and that they have not sold, transferred,

conveyed, or assigned the same, or any interest in or portion of the same, to any other person or entity.

[Signatures on next pages]

COLE AND ASHCROFT, LP

BY: __Management By PFW, LLC__
       Its general partner,

By: _____

Name: __Paul F. Wagner__

Title: __Partner__


STATE OF TEXAS        §
                      §
COUNTY OF __Harris__  §

Before me, the undersigned authority, appeared __Paul F. Wagner__, on behalf of Management By PFW, LLC, the general partner of Cole and Ashcroft, LP, who upon being duly sworn, deposed and said that he/she possesses full authority to execute this Confidential Settlement Agreement, Release and Indemnification for all of the Releasors affiliated with Cole and Ashcroft and Management by PFW, LLC, and has executed it for the purposes and consideration therein expressed, to certify which witness my hand and seal of office this __24__ day of February, 2020.

GERALD MAURICE MCADAMS, JR.
Notary Public, State of Texas
Comm. Expires 08-12-2023
Notary ID 10253398

_____
Notary Public for the State of Texas

__Gerald M M'Adams Jr__
(printed name of notary)

My Commission Expires __08-12-2023__

CONFIDENTIAL SETTLEMENT AGREEMENT, RELEASE AND INDEMNIFICATION                                 PAGE 7
1029228-v1/13407-043000

MLW INTERESTS, LLP

By: _____

Name: __Paul F. Wagner__

Title: __Partner__
Managing Partner


STATE OF TEXAS        §
                      §
COUNTY OF __Harris__  §
                      §

Before me, the undersigned authority, appeared __Paul F. Wagner__, on behalf of MLW Interests, LLP, who upon being duly sworn, deposed and said that he/she possesses full authority to execute this Confidential Settlement Agreement, Release and Indemnification for all of the Releasors affiliated with MLW Interests, LLP, and has executed it for the purposes and consideration therein expressed, to certify which witness my hand and seal of office this ___ day of February, 2020.



GERALD MAURICE MCADAMS, JR.
Notary Public, State of Texas
Comm. Expires 08-12-2023
Notary ID 10253398

_____
Notary Public for the State of Texas

__Gerald M. M'Adams Jr__
(printed name of notary)

My Commission Expires __08-12-2023__