IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **COLE & ASHCROFT, LP DBA SHUTTERS PLUS,** | § § § § | |
| *Plaintiff* | § § | |
| v. | § § | CIVIL ACTION NO. 4:20-CV-03507 |
| | § § | |
| **STATE AUTOMOBILE MUTUAL INSURANCE COMPANY** | § § § § | |
| *Defendant* | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Cole & Ashcroft, LP DBA Shutters Plus ("Plaintiff"), Plaintiff in the above enumerated and entitled civil action and files this, its Response to Defendant's Motion for Summary Judgment, and Plaintiff would respectfully show unto this Honorable Court as follows:

**I.     SUMMARY OF THE ARGUMENT**

Defendant filed a Motion for Summary Judgment alleging that Plaintiff cannot support its claims. Plaintiff's summary judgment evidence will show that Plaintiff's property suffered functional hail damage to its commercial property and that Defendant's failure to make adequate payment for the loss constitutes a breach of the subject insurance policy. Further, Plaintiff will show evidence to support its extra-contractual claims against Defendant. Therefore, Defendant's Motion for Final Summary Judgment should be denied because it has not met its burden.

## II.   BACKGROUND FACTS

This case involves an insurance coverage dispute arising out of damages to Plaintiff's commercial property from a May 9, 2019 hail storm in Houston, Texas. Plaintiff suffered a covered loss to its commercial church building at 5631 Brystone Drive, Houston, TX 77041 (hereinafter "the Property"), due to May 9, 2019 hail storm. Following the storm, Plaintiff reported his claim to Defendant (hereinafter sometimes referred to as "State Auto"). The policy ("Policy") in question indicates that the effective dates of the Policy were from June 5, 2018 to June 5, 2019. *See* Ex. A. Thereafter, State Auto sent an adjuster to the Property to conduct an inspection of the storm damages. Subsequently, State Auto's adjuster presented an estimate for $633.17, which was below Plaintiff's $87,500.00 deductible. *See* Ex. D. Thus, Defendant made no payment to Plaintiff for the loss. Dissatisfied with State Auto's improper determination of the covered damages caused by the storm, Plaintiff retained a public adjuster who inspected the Property and found significant evidence of hail damage to the roof requiring full replacement. *See* Ex. C.

Due to Defendant's significant under-adjustment, Plaintiff was forced to retain McClenny Moseley & Associates, PLLC to assist it with its claim. On November 8, 2019, Plaintiff retained PE Service to inspect the property. *See* Ex. B. Plaintiff's engineer expert, Mr. Peter de la Mora, outlined all the damage he identified during an onsite inspection of the property in his report. *Id*. Based on his observations, Mr. de la Mora recommended a full replacement of the Property's roofing system. *See* Ex. B at pg.13.

Defendant has now filed a Motion for Summary Judgment. *See* Dkt. 16. Despite Defendant's contentions, numerous fact issues exist. Plaintiff will demonstrate to this Honorable Court that Plaintiff has put forth sufficient evidence to establish its bad faith claims against Defendant. As a result, Defendant's Motion should be denied, and Plaintiff should be allowed to proceed with each and every one of its causes of action.

### III. SUMMARY JUDGMENT EVIDENCE

Plaintiff offers the following exhibits, copies of which are attached hereto and incorporated herein for all purposes, as summary judgment evidence in support of its response to Defendant's Motion for Summary Judgment:

- **Exhibit A:** Policy
- **Exhibit B:** Report of Peter de la Mora
- **Exhibit C:** Estimate of Ray Demeritt
- **Exhibit D:** Defendant's Cost Estimate

### IV. ARGUMENT & AUTHORITIES

A. **Applicable Legal Standards**

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When a summary judgment movant will not have the burden of proof on a cause of action at trial, it may seek summary judgment by pointing out the absence of evidence on any essential element of the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant does this, the nonmovant must go beyond the pleadings and designate specific facts demonstrating a genuine issue for trial. *See id*. at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). In evaluating a motion for summary judgment, the court's role is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In so doing, the court must view the evidence in the light most favorable to the nonmovant, resolving doubts and drawing reasonable inferences in his favor, *see Evans v. City of Bishop*, 238 F.3d 586, 589 (5th Cir. 2000), and if the evidence is such

that a reasonable jury could return a verdict in the nonmovant's favor, the court must deny the motion for summary judgment, *see Anderson*, 477 U.S. at 248.

Plaintiff's summary judgment evidence establishes the existence of a genuine issue of material fact. Therefore, Defendant is not entitled to summary judgment as a matter of law as to any of Plaintiff's claims.

**B. Plaintiff Has Provided Ample Amount of Evidence to Establish Defendant's Breach of the Insurance Contract Which Demonstrates the Existence of a Genuine Issue of Material Fact and Precludes Summary Judgment in this Case.**

Under Texas law, the elements of a breach of contract are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Smith Int'l, Inc. v. Eagle Group, LLC*, 490 F.3d 380 (5th Cir. 2007). Although Defendant now attempts to escape liability via a cosmetic damage limitation within the Policy, Defendant's method of investigating Plaintiff's claim nonetheless constitutes a clear breach of the subject insurance contract.

Under the terms of the insurance contract, Defendant had an absolute duty to properly investigate Plaintiff's claims. In the instant case, Defendant blatantly chose to disregard objective evidence of covered damage to the Property. The stark disparity between Defendant's estimate in the amount of $633.17 and the estimate prepared by Plaintiff's public adjuster in the amount of $705,856.65 alone serves to illustrate the unreasonable and improper nature of Defendant's investigation. The point is solidified further after considering the overwhelming amount of hail damage to the Property and the sheer volume of evidence contained in Plaintiff's estimate, including ninety-three (93) high-resolution photographs showing an extensive amount of covered damage that was somehow overlooked by Defendant. *See* Ex. C. The inability of Defendant's adjuster and engineer to recognize the existence of the functional damage to the Property during the course of their inspections illustrates how inadequate and improper Defendant's conduct has

been throughout Defendant's investigation into Plaintiff's claim. The conduct of Defendant's adjuster and engineer also speaks to the intentional nature of Defendant's subsequent denial of Plaintiff's claims. At the very least, the disparity in each party's estimates presents a glaring fact issue, namely Defendant's willful disregard for the ample amount of objective evidence indicating functional damage to the Property, such that summary judgment would not be an appropriate method for adjudicating Plaintiff's claim.

Defendant argues that the Limitations on Coverage for Roof Surfacing should apply in this case. However, Plaintiff's evidence demonstrates that the limitation does not apply. The policy limitation limits coverage for damage "that does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as id did before the cosmetic damage occurred." *See* Defendant's Motion for Summary Judgment, Dkt. 16, ¶ 33. Defendant's argument supporting the application of the limitation fails based on the report of Plaintiff's expert, Peter de la Mora. Mr. de la Mora's report documents numerous times that damage exists that has compromised the roof's ability to shed water. *See* Ex. B. Specifically, Mr. de la Mora describes interior leaking taking place in eleven (11) separate locations. *Id.* at p.12-13.Therefore, Plaintiff's evidence clearly demonstrates that hail damage to the Property's roof has absolutely compromised the roof's ability to shed water.

Defendant's failure to consider all objective evidence in this case and its failure to properly investigate Plaintiff's claim demonstrates the baseless nature of its decision to unreasonably deny Plaintiff's claim. In particular, when considering the disparity of Defendant's denial Plaintiff's estimate. Further, Plaintiff's engineer has clearly documented the functional nature of the hail damage to the Property. Therefore, Plaintiff's bad faith breach of the insurance contract claim should not be subject to dismissal. Rather, the facts surrounding the unreasonable, knowing, and reckless nature of Defendant's investigation and denial should be presented to a jury.

### a. *Plaintiff's claims are not barred by the doctrine of current causation.*

Furthermore, Defendant argues that Plaintiff's claims are barred due to the doctrine of concurrent causation. The concurrent causation doctrine stands for the proposition that where covered and non-covered perils unite to create a loss—or at least where the insurance company pleads that is the case—the insured is entitled to recover only that portion of the damage caused by the covered peril. *See Wallis v. United Servs. Auto. Ass'n*, 2 S.W.3d 300, 302-03 (Tex. App.—San Antonio 1999, pet. denied).

It is true that Texas law places the burden of allocating between covered and non-covered perils on the policyholder. *See Id*. at 303. But, importantly, the burden – when it exists – is not an onerous one. Courts have recognized that allocation is almost always a fact question; it is only where the insured cannot produce *any evidence at all* with regard to allocation that his claims are subject to judgment as a matter of law of that basis. *See Companion Prop. & Cas. Ins. Co. v. Opheim*, 92 F. Supp. 3d 539, 548 (N.D. Tex. 2015) (citing *Comsys Info. Tech. Servs., Inc. v. Twin City Fire Ins. Co.*, 130 S.W.3d 181, 198 (Tex. App.—Houston [14th Dist.] 2003, pet. denied)).

In its quest to surpass this low "reasonable basis" threshold, the insured is not required "to produce overwhelming evidence that would allow a jury to flawlessly segregate the damages." *Fiess v. State Farm Lloyds*, 392 F.3d 802, 808 (5th Cir. 2004). Rather, it is merely required to present evidence that constitutes a "reasonable basis upon which a jury could reasonably allocate damages." *Id*. "This is all that the doctrine of concurrent causation requires." *Id*. An insured is not even required to offer expert testimony in order to meet the reasonable basis standard:

> The question of whether hail fell on a particular location on a particular day, and whether it caused property damage, is not a matter solely within the scope of an expert's knowledge, and thus is not a matter that requires expert testimony; to the contrary, it is a matter of personal observation and common sense that is within the scope of lay testimony.

*United States Fire Ins. Co. v. Lynd Co.*, 399 S.W.3d 206, 2017 (Tex. App.—San Antonio 2012, pet. denied). Circumstantial evidence will also suffice to create a fact issue. *See Lyons v. Millers Cas. Ins. Co. of Texas*, 866 S.W.2d 597, 601 (Tex. 1993).

Plaintiff's expert observed functional damage to the Property's roof. *See* Ex. B. Plaintiff's expert report describes numerous storm-created openings through which water entered into the Property. *Id*. This is enough to create a genuine issue of material fact which must be submitted to the Jury at the trial of this case to determine. Thus, the report of expert Peter de la Mora meets and exceeds Plaintiff's summary judgment burden with regard to its contract claim. The visual inspection of the property by Ray Demeritt indicates that Plaintiff's property sustained significant hail impacts due to the May 9, 2019, hail event. The summary judgement evidence presented by Plaintiff is competent evidence which creates at least a genuine issue of material fact as to the existence of a covered claim and the damages caused by the May 9, 2019 storm.

Defendant's failure to consider all objective evidence in this case and its failure to properly investigate Plaintiff's claim does not absolve the Defendant of its contractual liability to Plaintiff. In the instant case, Plaintiff has provided this Court with ample evidence that a genuine issue of material fact still exists as to Defendant's breach of the insurance contract. For these reasons, Defendant is not entitled to summary judgment as a matter of law and Defendant's Motion should be denied.

  b. <u>The Policy's "Other Insurance" provision does not apply.</u>

State Auto also asserts that it is not liable for Plaintiff's damages due to the "Other Insurance" provision in Plaintiff's Policy. *See* Defendant's Motion for Summary Judgment, Dkt. 16, ¶ 36. This assertion is incorrect. The "Other Insurance" provision that "[i]f there is other insurance covering the same loss or damage … [State Auto] will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether [Plaintiff]

can collect on it or not." *Id*. Here, Plaintiff's damage is not for the same loss or damage. Plaintiff's previous recovery via settlement with Certain Underwriters at Lloyds, London is related to a Hurricane Harvey *wind* event, while the damage that occurred in the instant suit is related to damages sustained as a result of hail. Further the hail indentations on the Property are not the same damage that resulted from the high winds associated with Hurricane Harvey. Since both the loss and the damage are distinguishable from one another, the "Other Insurance" provision does not apply.

### C. Defendant's Motion for Summary Judgment on Plaintiff's Extra-Contractual Claims Should Be Denied.

Defendant's Motion seeks summary judgment on Plaintiff's extra-contractual claims, arguing that the claims fail as a matter of law because Plaintiff's does not have a viable breach of contract claim. Defendant argues, secondarily, that Plaintiff cannot prevail on its extra-contractual claims because he cannot demonstrate an independent injury. In both instances, Defendant's arguments fail.

As set forth above, Plaintiff's contract claim survives summary judgment, so to the extent that Defendant argues breach is a prerequisite to extra-contractual liability, the argument fails on this basis. Further, in challenging Plaintiff's claims based on Chapter 541 of the Insurance Code and the common law duty of good faith and fair dealing, State Auto makes two arguments. First, State Auto asserts that its decisions were the result of a bona fide dispute. Second, State Auto seems to suggest briefly that Plaintiff has not suffered and independent injury. Neither of State Auto's arguments have merit.

Whether raised under the DTPA and Texas Insurance Code or under Texas common law, the insurer's duty to deal fairly and in good faith in processing claims is the same. *See Coury v. Allstate Texas Lloyd's*, 2003 WL 23204647 citing *Higginbotham v. State Farm Mut. Auto. Ins.*

*Co.*, 103 F. 3d 456, 460 (5th Cir. 1997). The insurer breaches the duty this duty in denying a claim if "the insurer knew or should have known that it was reasonably clear that the claim was covered." *United States Fire Ins. Co. v. Williams*, 955 S.W.2d 267, 268 (Tex. 1997). Even if the insurer is wrong in denying a claim, it is not liable for bad faith if it can establish the existence of a bona fide dispute. *Id*. Whether an insurer has a reasonable basis for a denial is to be judged according to the facts before the insurer at that time. *Harbor Ins. Co. v. Urban Constr. Co.*, 990 F.2d 195, 202 (5t Cir. 1993) (applying Texas law); *Viles v. Sec. Nat'l Ins. Co.*, 788 S.W.2d 566, 567 (Tex. 1990). An insurer's duty to deal fairly and in good faith with an insured includes the obligation to "reasonably investigate a claim." *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 n. 5 (Tex. 1997).

An insurer may be liable for bad faith by "failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim with respect to which the insurer's liability has become reasonably clear. *See. Giles*, 950 S.W.2d at 55. The issue of the breach of the duty of good faith and fair dealings "focuses not on whether the claim was valid but on the reasonableness of the insurer's conduct" in handling the claim. *See Lyons*, 866 S.W.2d at 601. Reasonableness is determined using an objective standard of whether a reasonable insurer under similar circumstances would have delayed or denied payment of the claim. *See Aranda v. Ins. Co. of North America*, 748 S.W.2d 210, 213 (Tex. 1988). Whether an insurer breached its duty of good faith and fair dealings is a fact issue. *See Giles*, 950 S.W.2d at 56. Moreover, the question of whether an insurer's conduct is reasonable is one particularly tailored to the province of the jury. *See Allison v. Fire Ins. Exchange*, 98 S.W.3d 227, 248.

    a. <u>Plaintiff's bad faith claims against Defendant are not the result of a bona fide dispute.</u>

Although there are a number of reasons why Defendant's "bona fide dispute" argument is without merit, the most obvious is that Plaintiff's evidence is more than sufficient to establish that

State Auto's actions were not the result of a bona fide dispute. More importantly, the evidence at least creates fact issues which preclude summary judgment.

Here, Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable manner settlement of Plaintiff's claim, particularly after liability became reasonably clear. Defendant now asks this Court to believe it attempted to settle Plaintiff's claim in a prompt, fair, and equitable manner while also arguing that its total estimate amounts of only $633.17 somehow depicts an accurate reflection of the damage to the Property. Therefore, State Auto did not conduct a reasonable investigation into the full extent of the damages at the property which resulted in its failure to include necessary damaged items in its estimate. This is bad faith.

It is likely that a reasonable jury could logically believe that Defendant's assigned adjuster and retained engineer intentionally and knowingly denied Plaintiff's valid claim for insurance proceeds by undervaluing the vast majority of damage sustained by the Property. Consequently, Defendant's denial of Plaintiff's claim was not reasonable under the circumstances. First, Plaintiff's cost estimate clearly demonstrates the extensive damage caused by May 9,2019 hail event to the Property. *See* Ex. C. Therefore, based on the disparity of estimates alone, a jury would likely conclude that Defendant's investigation and failure to issue proper payment was *per se* unreasonable and a violation of the duty of good faith and fair dealing. Thus, based on Plaintiff's pleadings and evidence, and viewing the facts in the light most favorable to the non-movant, a reasonable jury could easily conclude that Defendant's investigation was unreasonable and that the intentional and knowing acts described above rise to the level of a breach of the duty of good faith and fair dealing.

In *State Farm Lloyds v. Nicolau*, the court held that the mere fact that an insurer relies upon an expert's report to deny a claim does not automatically forecloses bad faith recovery as a matter of law. *See State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex.,1997). In that case, the court

ruled, "standing alone, will not necessarily shield the carrier if there is evidence that the report was not objectively prepared or the insurer's reliance on the report was unreasonable." *Id*. Likewise, a jury should be able to determine if Defendant conducted a reasonable investigation of Plaintiff's claim, especially since this determination is for the jury. *City of Keller v. Wilson*, 168 S.W.3d 802, 833 (Tex.,2005). Therefore, the fact that Defendant and Plaintiff's estimate amounts differ to such an extreme degree is enough to raise a genuine issue of material fact sufficient to survive summary judgment regarding Plaintiff's claims under Chapter 541 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act.

Defendant's unreasonable denial of Plaintiff's claim is evidence of an unreasonable investigation and a breach of the duty of good faith and fair dealing as well as various provisions of Chapter 541 of the Texas Insurance Code. This demonstrates much more than a "bona fide dispute" as to coverage. In fact, this demonstrates State Auto's several violations of Chapter 541. For these reasons, State Auto's motion for summary judgment on Plaintiff's claims for breach of the duty of good faith and fair dealing as well as violations of Chapter 541 of the Texas Insurance Code should be denied.

    b. *Plaintiff has suffered and independent injury.*

Plaintiff may also recover under the above-enumerated causes of action of Chapter 541 of the Texas Insurance Code if Plaintiff presents evidence of an injury independent of his policy claim. *USAA Texas Lloyds Co. v. Menchaca*, No. 14-0721, 2017 WL 1311752, (Tex. Apr. 7, 2017). In *Menchaca*, the Texas Supreme Court held that an insured may still maintain a cause of action under the Insurance Code if an insurer's violations cause injury independent of an insured's right to receive policy benefits. *Id.* at 12. Thus, because Plaintiff is able to present evidence of an injury independent of its policy claim under Chapter 541 of the Texas Insurance Code, Plaintiff should also be allowed to proceed with its causes of action under the Texas Deceptive Trade Practices

Act. TEX. BUS. & COM. CODE § 17.50(a)(4) ("A consumer may maintain an action where the use or employment by any person of an act or practice in Chapter 541 of the Texas Insurance Code constitutes a producing cause of economic damages or damages for mental anguish.").

Defendant's failure to provide Plaintiff a reasonable explanation for its gross undervaluation of its claim constitutes an additional glaring violation of Tex. Ins. Code § 541.060(3). By failing to provide a prompt and reasonable explanation on for its estimate of $633.17, Defendant caused an independent injury to Plaintiff by preventing it from knowing how to proceed, or what actions it might take to help resolve its claim and conduct the necessary repairs to the Property. Defendant's actions also forced Plaintiff to hire a public adjuster to prepare an estimate and an attorney to help it with its legal causes of action. Thus, Defendant's subsequent failure to provide a prompt and reasonable explanation for its estimate placed Plaintiff in an extremely detrimental position. Therefore, because Defendant's actions have caused Plaintiff to suffered injury independent of the subject insurance policy, Defendant's contentions are without merit.

## V. CONCLUSION & PRAYER

For these reasons, Plaintiff respectfully request that the Court deny Defendant's Motion for Summary Judgment. Plaintiff further requests any and all relief to which it may show himself to be justly entitled.

Respectfully submitted,

*/s/ Derek L. Fadner*
**McCLENNY MOSELEY & ASSOCIATES, PLLC**
James M. McClenny
State Bar No. 24091857
Federal I.D. No. 2764142
J. Zachary Moseley
State Bar No. 24092863
Federal I.D. No. 2706476
Derek L. Fadner

        State Bar No. 24100081
        Southern District No. 2973064
        1415 Louisiana Street, Suite 2900
        Houston, TX 77002
        Principal Office: 713-334-6121
        Facsimile: 713-322-5953
        James@mma-pllc.com
        Zach@mma-pllc.com
        derek@mma-pllc.com

        **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 25, 2021 a true and correct copy of the foregoing was served on all counsel of record, via the Court's electronic filing system or as indicated below, pursuant to Federal Rules of Civil Procedure 5(b), as follows:

**Segal McCambridge Singer and Mahoney**
Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
100 Congress Ave., Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

                */s/ Derek L. Fadner*
                Derek L. Fadner