IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLE & ASHCROFT, LP DBA SHUTTERS PLUS<br>*Plaintiff,* | §<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 4:20-cv-03507 |
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY<br>*Defendant.* | §<br>§<br>§<br>§ | |

**DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant State Automobile Mutual Insurance Company ("State Auto") files this reply to the response in opposition to State Auto's Motion for Summary Judgment filed by Plaintiff Cole & Ashcroft, LP DBA Shutters Plus ("Plaintiff").

1. State Auto files this reply to address demonstrably false assertions made in Plaintiff's response that Plaintiff contends create a fact issue.

2. In particular, Plaintiff asserts that Peter De La Mora's report "documents numerous times that damage exists that has compromised the roof's ability to shed water" and De La Mora's report "clearly demonstrates that hail damage to the Property's roof has absolutely compromised the roof's ability to shed water."[1] Based on these assertions, Plaintiff contends there is a fact issue as to whether there was functional damage to the roof from hail during the State Auto policy period.

3. In fact, Peter De La Mora's report says nothing about hail damage compromising the roof's ability to shed water. Mr. De La Mora's report does not explicitly state what, if anything, he contends caused openings in the roof that allowed the water intrusion. During his deposition

---

[1] Doc. No. 17, Plaintiff's Response to Defendant's Motion for Summary Judgment at pg. 5 of 14.

he was asked specifically about his opinions on the cause of roof leaks and he testified unequivocally that he attributed the interior leaks to Hurricane Harvey.

> Q. Then you say [in your report], "The interior water damage requires restoration," right?
>
> A. Right.
>
> Q. What I didn't see in there was any opinion about what caused the water damage, other than you stated it's from roof leaks, right?
>
> A. Right.
>
> Q. Now, do you have an opinion as to when the water damage occurred?
>
> A. Yeah. It occurred during the hurricane.
>
> Q. During Hurricane Harvey?
>
> A. Right.
>
> Q. Okay. And what's the basis of that opinion?
>
> A. The basis of that opinion is that Hurricane Harvey created openings in the roof that allowed water to go in.[2]

4.  Thus, contrary to Plaintiff's assertions, Mr. De La Mora's opinion is that the roof leaks were caused by wind during Hurricane Harvey in 2017. Neither Mr. De La Mora's report nor his testimony support Plaintiff's assertion that hail damage from the May 9, 2019 hail event or any other hail event compromised the roof's ability to shed water.

5.  Moreover, Mr. De La Mora acknowledged in his deposition testimony that the roof has cosmetic hail dents and that small dents like those on Plaintiff's roof are not going to affect the function of the roof:

> Q. Okay. And you -- you noted some -- some hail dents, too. You feel the same about hail dents?

---

[2] Exhibit A, De La Mora Deposition at pp. 35:23-36:13.

    A. Some of the hail dents are just cosmetic. Some of them when the -- if they -- if they hit the seams, then they can cause damage. But normally, on the – on the flat sections, they're -- they're okay.

    Q. "They're okay," meaning they're just cosmetic?

    A. Meaning that they're just a -- a little dimple on the thing.
. . .
    A. Maybe a little dimple on the metal. It's not -- you know, just a small -- small dents like those are not going to affect the -- the function of the roof unless they hit the seams.[3]

6.    Mr. De La Mora was asked if there were any hail dents that hit the seams and caused functional damage, he testified that "there's always some that hit the seams," but he could not identify any hail dents that actually caused functional damage.[4]

7.    To avoid summary judgment, Plaintiff must come forward with specific evidentiary facts indicating a genuine issue for trial.[5] There must be "significant probative evidence" on which a jury could reasonably find for the non-movant in order to overcome summary judgment.[6] The non-movant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial."[7] To satisfy his burden as a non-movant, a plaintiff is "required to identify specific evidence in the record, and to articulate the 'precise manner' in which that evidence supported [its] claim."[8]

8.    A jury could not reasonably find for Plaintiff based on the evidence in this record. Based on the testimony of Plaintiff's own expert, it is undisputed that there are cosmetic dents on

---

[3] Exhibit A, De La Mora Deposition at pp. 29:15-30:4.

[4] Exhibit A, De La Mora Deposition at pp. 30:5-30:19.

[5] *Celotex Corp.*, at 324; *Levy v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

[6] *Liberty Lobby*, 477 U.S. at 256.

[7] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Liberty Lobby*, 477 U.S. at 255-57).

[8] *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994).

the roof; the roof leaks are not caused by the hail event at issue in this lawsuit and instead pre-dated the State Auto policy; and Plaintiff has identified no specific damage or dents that would be considered functional hail damage that occurred during the policy period as distinguished from the cosmetic dents or other unrelated conditions on the roof, including purported wind damage from Hurricane Harvey.

9. Nor has Plaintiff provided evidence of a damage model that would support an award of the actual cash value of any purported functional hail damage that exceeds the $87,500 deductible. Plaintiff's sole damage model is an estimate that calls for a complete removal and replacement of the entire roof system despite the fact that Plaintiff's own expert's opinion is that the roof requires replacement solely as a result of wind damage from Hurricane Harvey. Mr. De La Mora's report plainly states: "As a result of wind damage during Hurricane Harvey, the metal roofs of the office and warehouse, and gutters of the Cole & Ashford, LP building, require removal and replacement."[9] Thus, while Plaintiff may have some minimal evidence the roof requires replacement as a result of wind from Hurricane Harvey, no jury could reasonably find that the roof requires replacement solely as a result of hail damage or dents and Plaintiff cannot meet its burden to allocate between covered and non-covered damages.

10. Defendant State Automobile Mutual Insurance Company respectfully prays that the Court grant this Motion For Summary Judgment on all causes of action brought by Plaintiff and grant all such other and further relief to which it may show itself justly to be entitled.

---

[9] Doc. No. 17-2, PE Service Report authored by Peter De La Mora, at page 12.

                Respectfully submitted,

                */s/ Patrick M. Kemp*
                Patrick M. Kemp
                Texas Bar No. 24043751
                Southern District No. 38513
                pkemp@smsm.com
                Segal McCambridge Singer and Mahoney
                100 Congress Ave., Suite 800
                Austin, Texas 78701
                (512) 476-7834
                (512) 476-7832 – Facsimile

                **ATTORNEY-IN-CHARGE FOR DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via efile this the 2nd day of July, 2021 to:

    James M. McClenny
    J. Zachary Moseley
    Derek L. Fadner
    McClenny Moseley & Associates, PLLC
    516 Heights Boulevard
    Houston, Texas 77007
    james@mma-pllc.com
    zach@mma-pllc.com
    derek@mma-pllc.com

                */s/ Patrick M. Kemp*
                Patrick M. Kemp