United States District Court    Southern District of Texas

United States District Court
Southern District of Texas
**ENTERED**
July 08, 2021
Nathan Ochsner, Clerk

Cole & Ashcroft, LP, § § §
       Plaintiff, § §
versus §    Civil Action H-20-3507 §
State Automobile Mutual § Insurance Company, § §
       Defendant. §

## Opinion on Summary Judgment

1. *Background.*

Cole & Ashcroft, LP, owns a commercial building in Northwest Houston.

On May 9, 2019, a hailstorm damaged the building.

On August 1, 2019, Cole & Ashcroft filed a claim with their insurance company, State Automobile Mutual Insurance Company. Three weeks later, the parties inspected the building.

On July 26, 2019, Cole & Ashcroft hired a public adjuster who estimated the total damage to the building at $705,000. Less than two months later, State Automobile denied the claim finding that the covered damage was $633 – well below the $87,500 deductible.

On August 7, 2020, an appraisal determined that the total damage to the building was $389,000 but did not address coverage. A week later, State Automobile again denied the claim finding that the damage was merely cosmetic.

On August 23, 2019, Cole & Ashcroft also sued Certain Underwriters at Lloyd's, London, related to an insurance claim for damage to the same roof from Hurricane Harvey. Cole & Ashcroft used the same public adjuster – who gave nearly identical estimates – and the same expert – who highlighted much

of the same damage as this case. The case settled in February 2020 for roughly $380,000.

On September 17, 2020, Cole & Ashcroft sued State Automobile for: (a) breach of contract, (b) violating the Texas Deceptive Trade Practices Act, (c) violating the Texas Insurance Code, and (d) common-law bad faith. State Automobile has moved for summary judgment. It will prevail.

2. *The Policy.*

Under section A of the policy, "direct physical loss of or damage to" the building is covered if it is caused by a covered cause – including wind or hail. This coverage does not include "cosmetic damage to the roof surface" caused by wind or hail.

Cosmetic damage is when "the wind and/or hail caused marring, pitting, or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cosmetic damage occurred."

Roof surfacing is "the shingles, tiles, cladding metal or synthetic sheeting, or similar materials covering the roof and includes all materials used in securing the roof surface and all materials applied to or under the roof surface for moisture protection, as well as roof flashing."

3. *Breach of Contract.*

To succeed on a breach of contract claim, Cole & Ashcroft must show that: (a) its insurance policy was valid, (b) it performed under it, (c) State Auto breached the policy, and (d) Cole & Ashcroft was damaged as a result.[1]

Cole & Ashcroft says that it performed its duties under the policy. It insists that State Automobile breached by improperly investigating and denying

---

[1] *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001).

the claim. Cole & Ashcroft asserts that it was damaged because it did not receive the money that it was entitled.

Cole & Ashcroft has offered little evidence to support its claim. It spends a majority of its briefing attacking State Automobile and its adjuster rather than actually arguing facts. A disparity between the estimate of its adjuster and State Automobile's estimate is not conclusive proof of a breach – as Cole & Ashcroft appears to argue.

Cole & Ashcroft has given largely legal conclusions about the damage being covered and blatant misrepresentations of the report and testimony of its expert. It also does not – and likely cannot – segregate what damage was caused by Harvey, what was the 2019 hailstorm, and what was people walking on the roof or other non-storm causes; or what damage is cosmetic or not. Cole & Ashcroft's expert testified to the damage likely being caused by Harvey and to most of the damage being cosmetic. Cole & Ashcroft baselessly asserting that a genuine fact issue exists is inadequate to prove a case that it has the burden to show.

Cole & Ashcroft's breach of contract claim fails.

4. *Extra-Contractual Claims.*

Because there was no breach of the policy, Cole & Ashcroft's extra-contractual claims for violating the Texas Insurance Code, violating the Texas Deceptive Trade Practices Act, and common-law bad faith also fail as a matter of law. These claims are over-pleaded and under-documented, and Cole & Ashcroft consistently confuses legal conclusions with facts and evidence. This case is a dispute over a policy. There are no facts to show bad faith or fraudulent acts by State Automobile. Merely disagreeing over the money that should be paid or on coverage does not evince malfeasance.

The facts appear to suggest that Cole & Ashcroft was the party acting in bad faith. Nearly identical lawsuits – but for suing different insurers for different storms – were brought for nearly identical damage that was estimated by the

same adjuster and supported by the same expert. The court is not blind to Cole & Ashcroft's attempts to collect under both policies because it failed to do its duty to separate and timely document its damages. Cole & Ashcroft collected what it needed to replace the roof yet continued to waste State Automobile's and the taxpayers' money by continuing this suit.

5. *Conclusion.*

Cole & Ashcroft, LP, will take nothing from State Automobile Mutual Insurance Company.

Signed on July 8, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge